## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### Civil Case No.: 3:22-cv-00248-BJD-JBT

| |
|---|
| **ROYAL ROSE**, on behalf of herself and all others similarly situated, |
| Plaintiff, |
| v. |
| **MYCOMPUTERCAREER, INC.,** |
| Defendant. |

## DEFENDANT MYCOMPUTERCAREER'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant MyComputerCareer, Inc. ("MCC"), through counsel, hereby files its Answer, Counterclaim, and Affirmative Defenses to the Complaint filed by Plaintiff Royal Rose on February 9, 2022. Except as expressly admitted herein, MCC denies each and every allegation in the Complaint.

### NATURE OF THE ACTION

1.     This is a putative class action under the 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act ("TCPA").

**ANSWER: Defendant MCC admits that Plaintiff purports to bring this against MCC under the TCPA.**

2.     Defendant is a private (for-profit) school which markets itself as "an accredited career college dedicated to serving and helping those looking for professional fulfillment in Information Technology."

**ANSWER: Defendant MCC admits the allegations in Paragraph 2.**

3.     Defendant offers in person or online programs.

1

**ANSWER: Defendant MCC admits the allegations in Paragraph 3.**

4.      To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so.

**ANSWER: Defendant MCC denies the allegations in Paragraph 4.**

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

**ANSWER: Paragraph 5 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA, that Plaintiff is entitled to injunctive relief or damages, that Plaintiff has suffered any injuries, or that this case is appropriate for class treatment.**

6.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen of Duval County, Florida.

**ANSWER: Paragraph 6 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC lacks the requisite knowledge and neither admits nor denies this allegation.**

7.      Defendant is, and at all times relevant hereto was, a North Carolina corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in Holly Springs, North Carolina.  Defendant directs, markets, and provides business activities throughout the State of Florida.

**ANSWER: Paragraph 7 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC admits that it is headquartered in North Carolina and that it responds to individuals who have inquired into MCC's educational programs, and who may live in Florida.**

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorneys' fees.

**ANSWER: Defendant MCC admits only that this Court has authority to hear cases arising under the TCPA.**

9.     Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State.  Defendant initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement prerecorded messages into Florida in violation of the TCPA.  Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing prerecorded voice messages to Plaintiff's cellular telephone number (the "5692 Number") to sell goods, services or products in Florida.  The 5692 Number has an area code (904) that specifically coincides with locations in Jacksonville, Florida, and Plaintiff received such messages on the 5692 Number while residing in and physically present in Florida.

**ANSWER: Defendant MCC admits that it responds to individuals who have inquired into MCC's educational programs, and who may live in Florida, but denies all other allegations in Paragraph 9.**

10.     Venue for this action is proper in this Court because Plaintiff resides and received the Prerecorded Message in Duval County, Florida.

**ANSWER: Defendant MCC admits that venue is proper under Plaintiff's allegations, but denies all other allegations in Paragraph 10.**

## THE TELEPHONE CONSUMER PROTECTION ACT

11.     The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

**ANSWER: Paragraph 11 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies the accuracy of Plaintiff's characterization of the TCPA, which speaks for itself.**

12.     The TCPA exists to prevent communications like the ones described within this Complaint.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

**ANSWER: Paragraph 12 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies the allegations in Paragraph 12.**

13.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

**ANSWER: Paragraph 13 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies the accuracy of Plaintiff's characterization of actions under the TCPA.**

4

14.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

**ANSWER: Paragraph 14 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA.**

15.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1992*, 30 FCC Red. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

**ANSWER: Paragraph 15 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA.**

<u>**FACTS**</u>

16.     On or about September 1, 2021 and September 4, 2021, Defendant called Plaintiff's cellular telephone number ending in 5692 (the "5692 Number") using prerecorded messages.

**ANSWER: Defendant MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 as to Plaintiff's type of telephone service, and so denies this part of the allegations. Defendant MCC admits**

**that an MCC representative attempted to call back Royal Rose at his request to respond to his inquiry on the two dates alleged, and when Plaintiff did not answer his telephone, the MCC representative left Plaintiff a voicemail after each call.**

17.     When Plaintiff listened to the prerecorded message, he was easily able to determine that it was prerecorded.  *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

**ANSWER: Defendant MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and so denies the allegations.**

18.     Defendant's prerecorded voice calls constitutes telemarketing because the purpose of the messages was to encourage Plaintiff to obtain enroll in Defendant's programs.

**ANSWER: Paragraph 18 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA.**

19.     Specifically, the prerecorded messages stated "Hey did you know you get a brand new laptop when you enroll at mycomputercareer" and "we really do want to help you change your life we've done it for thousands of folks just like you".

**ANSWER: Defendant MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and so denies the allegations.**

20.     Defendant charges over $19,000 in tuition and fees for some programs.

**ANSWER: Defendant MCC admits only that, depending on a student's individual circumstances, a student may need to pay tuition and/or fees for the educational programs selected by the student and provided by MCC.**

21.    Plaintiff received the prerecorded message from the telephone number 866-606-6922 which upon information and belief is owned and or operated by or on behalf of Defendant.

**ANSWER: Defendant MCC admits that an MCC representative attempted to call back Royal Rose at his request to respond to his inquiry from the telephone number alleged, and when Plaintiff did not answer his telephone, the MCC representative left Plaintiff a voicemail after each call.**

22.    Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

**ANSWER: Defendant MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and so denies the allegations. Defendant MCC denies that it has violated the TCPA.**

23.    Plaintiff never gave Defendant his prior express written consent to call him on his cellular telephone utilizing a prerecorded voice message.

**ANSWER: Paragraph 23 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA.**

24.    Plaintiff is the sole user and/or subscriber of the 5692 Number.

**ANSWER: Defendant MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and so denies the allegations. Defendant MCC denies that it has violated the TCPA.**

## CLASS ALLEGATIONS

### PROPOSED CLASS

25.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

**ANSWER: Paragraph 25 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

26.     Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**ANSWER: Paragraph 26 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

<u>NUMEROSITY</u>

27.      Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER: Paragraph 27 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

28.      The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**ANSWER: Paragraph 28 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

<u>COMMON QUESTIONS OF LAW AND FACT</u>

29.      There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

**ANSWER: Paragraph 29 contains conclusory statements to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

30.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**ANSWER: Paragraph 30 contains conclusory statements to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

### TYPICALITY

31.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ANSWER: Paragraph 31 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**ANSWER: Paragraph 32 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

<u>S</u><u>UPERIORITY</u>

33.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**ANSWER: Paragraph 33 contains conclusory statements to which no response is required.  To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

34.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**ANSWER: Paragraph 34 contains conclusory statements to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

<u>**COUNT I – VIOLATION OF 47 U.S.C. § 227(b)**</u>

35.    Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

**ANSWER: Defendant MCC repeats and reiterates each of its foregoing responses to the allegations in Paragraphs 1-34 as if fully set forth herein.**

36.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any…artificial or prerecorded voice to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER: Defendant MCC admits only that the TCPA speaks for itself. Defendant MCC denies that it has violated the TCPA.**

37.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an…artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

**ANSWER: Defendant MCC admits only that the TCPA regulations speak for themselves. Defendant MCC denies that it has violated the TCPA.**

38.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party." 47 C.F.R. § 64.1200(a)(3).

**ANSWER: Defendant MCC admits only that the TCPA regulations speak for themselves. Defendant MCC denies that it has violated the TCPA.**

39.     It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

**ANSWER: Defendant MCC admits only that the TCPA regulations speak for themselves. Defendant MCC denies that it has violated the TCPA.**

40.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing,…artificial or prerecorded voice…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…." 47 C.F.R. § 64.1200(a)(2).

**ANSWER: Defendant MCC admits only that the TCPA regulations speak for themselves. Defendant MCC denies that it has violated the TCPA.**

41.     Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

**ANSWER: Defendant MCC admits only that an MCC representative attempted to call back Royal Rose at his request to respond to his inquiry on the two dates alleged, and when Plaintiff did not answer his telephone, the MCC representative left Plaintiff a voicemail after each call. MCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41, and so denies the allegations.**

42.     Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

**ANSWER: Defendant MCC denies the allegations in Paragraph 42.**

43.    Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

**ANSWER: Paragraph 43 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant MCC denies that it has violated the TCPA.**

44.    Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages.  The violations were therefore willful and knowing.

**ANSWER: Paragraph 44 contains conclusory statements and a legal conclusion to which no response is required.  To the extent a response is required, Defendant MCC denies the allegation in Paragraph 44 and denies that it has violated the TCPA.**

45.    As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the members of the Class are also entitled to an injunction against future calls.

**ANSWER: Paragraph 45 contains conclusory statements and a legal conclusion to which no response is required.  To the extent a response is required, Defendant MCC denies the allegations in Paragraph 45, denies that it has violated the TCPA, and further denies that Plaintiff or other members of the putative class were harmed or are entitled to any relief.**

**WHEREFORE**, Plaintiff on behalf of himself and the others members of the Class, pray for the following relief:

a.    A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

b.    An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

c.    An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

d.    An award of actual and statutory damages; and

e.    Such further and other relief the Court deems reasonable and just.

**ANSWER: Defendant MCC denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.**

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

**ANSWER: Defendant MCC denies that Plaintiff is entitled to any of the relief requested. Defendant further denies that class certification is appropriate in this case.**

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, Defendant MCC sets forth the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant MCC is barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which MCC cannot be vicariously liable.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject MCC to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on MCC.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Plaintiff expressly invited MCC to call him, did not later revoke his authorization to be called by MCC or follow reasonable procedures for doing so, and did not suffer any injury by receiving the calls he requested.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff provided MCC his

consent to receive the calls in dispute, and lacks standing to complain about the calls in dispute.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged calls at issue are excepted from, do not fall within the purview of, and/or were not subject to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

### NINTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that individual issues predominate over issues common to the putative class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

### TENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

### ELEVENTH AFFIRMATIVE DEFENSE

MCC intends to rely upon all other provable defenses available at trial and developed in discovery.

### COUNTERCLAIM

#### Introduction

1.     Defendant MyComputerCareer, Inc. ("MCC") hereby brings this Counterclaim against Plaintiff Royal Rose.  This claim stems from Plaintiff's voluntary decision to consent to receiving telephone calls from MCC regarding Plaintiff's interest in enrollment in MCC's educational programs and Plaintiff's express permission for MCC to respond to Plaintiff's inquiry through the telephone calls he now complains about.

2.      Specifically, while accessing MCC's website and entering his information, Plaintiff was required to "click through" a series of webpages, one of which contained direct and unambiguous language describing MCC's "opt-in policy."

3.      By virtue of Plaintiff's unambiguous action of the "click-through" of the "opt-in policy," he formed a contract with MCC that allowed MCC to respond to Plaintiff's inquiry, including through the manner Plaintiff now complains about.

4.      Accordingly, MCC seeks declaratory relief from this Court that it has not violated the Telephone Consumer Protection Act ("TCPA") by calling Plaintiff back with his express permission, that Plaintiff has repudiated the Parties' agreement by initiating this action against MCC, and that MCC is entitled to its damages resulting from Plaintiff's breach of the Parties' agreement.

## Parties

5.      MCC is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

6.      Upon information and belief, Plaintiff is an individual who resides in Duval County, Florida.

## Jurisdiction and Venue

7.      This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as the claim is based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the Counterclaim.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff/Counterclaim-Defendant resides in this district, and a substantial part of the acts giving

rise to the claim occurred in this jurisdiction.

## Facts

9.      MCC offers individuals interested in MCC's educational programs the ability to conduct a free career evaluation and consultation with a MCC representative.  As MCC explains to such individuals, the "evaluation will help your advisors at MyComputerCareer determine your familiarity with computers and networking so we can recommend the fastest course of study to achieve your career goals."

10.     As MCC further explains, the "IT career evaluation takes less than 10 minutes to complete. A career advisor will contact you with your scores and schedule a MyComputerCareer campus visit. …  There's no obligation associated with this assessment."

11.     The free career evaluation consultation thus entails individuals specifically interested in MCC's educational programs first conducting an initial online assessment that would allow a MCC representative to gauge the individual's current IT proficiency.  A MCC representative will then use the results of the initial assessment as part of the free career consultation – the purpose of which is to discuss the individual's test results, his or her specific career goals, and to provide tailored information on MCC's courses that would help achieve that individual's particular career goals as quickly as possible – all at the individual's express request to receive such information.

12.     On August 27, 2021, Plaintiff accessed MCC's website and completed and submitted a Free Career Evaluation Form to request the free career consultation.  Plaintiff provided his name and telephone number (the "5692 Number"), as well as other information in connection with his completion of the initial IT-proficiency assessment described above.

13.     The Free Career Evaluation Form contained a clear notice that by submitting the

information, Plaintiff consented to MCC's Opt-In and Privacy Policy (the "Opt-In Policy"). An image of the Free Career Evaluation Form is below, with the Opt-In language appearing directly below the "Submit" button:



14.    The link to the Opt-In Policy leads directly to the webpage containing the full language of the Policy. The Policy states, in relevant part, the following:

- "We will also use your Personal Information for customer service; to provide you with information that you may request … and/or *to contact you when necessary* in connection with transactions entered into by you on the Website and/or with the company directly."

- "In addition, by registering at the Website, *you agree that such act constitutes an inquiry and/or application for purposes of the Amended Telemarketing Sales Rule* (16 CFR § 310 et seq.), as amended from time to time (the "ATSR") and applicable state do-not-call regulations."

- "*By registering for our site, you are indicating that you have read and agree to this Privacy Policy* and of its all terms and conditions, and you further acknowledge and agree that *you understand how and under what circumstances the personal information you provide will be used*."

- "[*You*] *expressly agree to be contacted* by this Website or the Company *through* direct mail, *phone*, *pre-recorded message*, *SMS text* and/or email per the conditions stated above."

- "By using the Website including, without limitation, registering for and entering any Promotion, signing up for offers and/or continuing to receive information from us, you agree to all terms of our opt-in and Privacy Policy."

Opt-In Policy, https://www.mycomputercareer.edu/privacy-policy/ (emphases added).

15.     Thus, by clicking the "Submit" button and providing MCC with his contact information, Plaintiff unequivocally acknowledged the Opt-In Policy and agreed to be bound by its terms, including that MCC was legally authorized to contact Plaintiff via telephone, prerecorded messages, and text messages.

16.     On August 28, 2021, a MCC representative placed a telephone call to Plaintiff at the 5692 Number to respond to his inquiry.  Plaintiff answered the call but indicated to the MCC representative that he was unavailable to speak at the moment and requested to be called back later.

17.     On August 31, 2021, a MCC representative texted Plaintiff, asking Plaintiff to call MCC at a number provided in the message, and to "tell us when's the best time for you to talk" in order to conduct the free career evaluation consultation.  Plaintiff responded shortly thereafter, stating "[s]ervice getting ready to start ima call you when its over."

18.     On September 1, 2021, because the MCC representative had not yet received a call back from Plaintiff, MCC placed a telephone call to Plaintiff to complete the free career evaluation consultation that he initiated on August 27, 2021.  Plaintiff did not answer the call,

and the MCC representative left Plaintiff a voicemail message.

19.     A subsequent telephone call by MCC to Plaintiff on September 4, 2021 to conduct the free career evaluation consultation Plaintiff requested also went unanswered, and the MCC representative left another voicemail message requesting that Plaintiff call the representative back to complete the free career evaluation consultation process initiated by Plaintiff.

20.     Upon information and belief, it is these two voicemail messages that form the basis for Plaintiff's TCPA claim.

21.     MCC made no further attempts to contact Plaintiff after the September 4, 2021 telephone call.

22.     On February 14, 2022, Plaintiff filed this action against MCC, alleging that MCC violated the TCPA by calling Plaintiff on September 1 and September 4, 2021.

## COUNT I – Breach of Contract

23.     The allegations contained within paragraphs 1-22 are re-alleged as if fully set forth herein.

24.     Plaintiff and MCC are parties to a contractual relationship through Plaintiff's acceptance of the terms of the Opt-In Policy through his submission of the Free Career Evaluation Form.

25.     The Free Career Evaluation Form constituted an offer on behalf of MCC to provide information and advice regarding an individual's career goals and MCC's related educational programs to individuals who requested such information and elected to submit the Form.

26.     Plaintiff's execution and submission of the Free Career Evaluation Form was contingent upon his acceptance of the terms of the Opt-In Policy.

27.    Once Plaintiff submitted the Free Career Evaluation Form, he accepted MCC's offer to provide the requested information and advice through various telephonic means, and simultaneously bound himself to the terms of the Opt-In Policy.

28.    MCC detrimentally relied upon Plaintiff's acceptance of the terms of the Opt-In Policy through its understanding that Plaintiff had agreed to receive any follow-up communications regarding his inquiry related to the free career evaluation consultation and his inquiry, and thereby waived any potential future claim under the TCPA against MCC stemming from the invited calls he now complains of.

29.    The Opt-In Policy clearly provides that Plaintiff's submission of the Free Career Evaluation Form "constitute[d] an inquiry" under federal telecommunications law and accompanying state do-not-call regulations, and that Plaintiff agreed that MCC could contact him through various methods, including by phone, prerecorded messages, and text messages, for the purpose of responding to his inquiry and providing him the information he requested.

30.    By filing this action against MCC for the purported violation of the TCPA, Plaintiff is in breach of the contract formed between the parties through his acceptance of the terms and conditions of the Opt-In Policy.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's Complaint as set forth above, MCC denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that Plaintiff take nothing by the Complaint and dismiss the Complaint with prejudice; (2) enter judgment in MCC's favor on its claim; (3) award MCC the damages it has suffered, and continues to suffer, as a result of Plaintiff's breach of the Parties' contract, including MCC's

costs of suit and attorneys' fees; and (4) award MCC any other relief as the Court deems just and proper.

Dated: March 14, 2022                    Respectfully submitted,

                                         By: */s/ Mary Joanne Dowd*
                                         Mary Joanne Dowd, # 368970
                                         Adam Bowser, (*pro hac vice* forthcoming)
                                         Morgan R. Pankow, (*pro hac vice* forthcoming)
                                         **ARENTFOX SCHIFF LLP**
                                         1717 K Street, N.W.
                                         Washington, DC 20006-5344
                                         (202) 857-6000 (telephone)
                                         (202) 857-6395 (facsimile)
                                         mary.dowd@afslaw.com
                                         adam.bowser@afslaw.com
                                         morgan.pankow@afslaw.com

                                         *Attorneys for MyComputerCareer, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 14, 2022, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Blvd.
Suite 1400
Ft. Lauderdale, FL 33301
Tel: (954) 400-4713
mhiraldo@hiraldolaw.com

Michael Eisesnband
EISENBAND LAW, P.A.
515 E. Las Olas Blvd.
Suite 120
Ft. Lauderdale, FL 33301
Tel: (954) 533-4092
meisenband@eisenbandlaw.com

*Attorneys for Plaintiff*

/s/ *Mary Joanne Dowd*
Mary Joanne Dowd