UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:22-cv-00248-BJD-JBT

ROYAL ROSE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

MYCOMPUTERCAREER, INC.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM, OR STRIKE PRAYER FOR ATTORNEY'S FEES, AND MOTION FOR SANCTIONS

Plaintiff Royal Rose, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), moves to dismiss Defendant's Counterclaim, [DE 7], or to strike Defendant's prayer for attorney's fees and, pursuant 28 U.S.C § 1927 and this Court's inherent authority, for sanctions against Defendant and its counsel for unreasonably and vexatiously multiplying these proceedings.

**I.    INTRODUCTION**

Recognizing that it faces significant liability for its violations of the Telephone Consumer Protection Act ("TCPA"), and desperate to go on the offensive, Defendant filed a Counterclaim with no basis in law and simply to harass and intimidate Plaintiff. Specifically, Defendant seeks to assert its affirmative defense of consent as a claim and to circumvent the American Rule by attempting to recover its fees for defending this

1

lawsuit, which it knows is not authorized by the TCPA or its Opt-In Policy on which it relies for its purported claim. *See* Opt-In Policy, attached as **Exhibit A**;[1] *see also Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 U.S. Dist. LEXIS 177222, at *8 (S.D. Fla. 2014)( "The TCPA … does not provide for an award of attorneys' fees."); *Holtzman v. Turza,* 828 F.3d 606, 609. (7th Cir. 2016) ("The [TCPA] authorizes a maximum award of $500 per fax, out of which counsel must be paid.").

Even if this Court is inclined to entertain Defendant's impermissible claims, they nevertheless fail because Defendant has not shown breach of any purported agreement since it cannot show that Plaintiff ever provided the requisite "express written consent" to receive Defendant's robocalls. While Defendant attempts to allege that Plaintiff inquired and agreed that Defendant could contact him, its allegations show that Plaintiff never provided the consent Defendant required under the TCPA. Accordingly, Defendant has no basis to assert breach of any purported agreement because no breach occurred.

At a minimum, Plaintiff submits that Defendant's prayer for attorney's fees should be stricken from the Counterclaim. Additionally, this Court should sanction Defendant and its counsel for unreasonably and vexatiously multiplying these proceedings.

---

[1] Tellingly, Defendant failed to attach a complete copy of the Opt-In Policy to its Counterclaim.

II. **FACTS**

Defendant's website (MyComputerCareer.com) forces consumers to provide their telephone number to Defendant. The submission of their telephone number is not voluntary, and visitors are never given with the option of not providing their telephone number. More importantly, the form utilized by Defendant to collect consumer telephone numbers fails to comply with the TCPA's clear and conspicuous disclosures necessary to satisfy the statute's "express written consent" standards. A copy of the form Defendant utilizes on its website is depicted below:

**Start Your Free Career Evaluation Now!**

First Name*
Last Name*
Email*
Phone*
Zip Code*
0 of 5 max characters
Preferred Method of Contact*
How did you hear about us*
Military Experience*

**Submit**

By entering your information, you are agreeing to our Opt-In and Privacy Policy. We respect and protect your privacy.

3

Countercl. at ¶13.

Defendant's Opt-in Policy fails to clearly and conspicuously notify consumers like Plaintiff that providing their telephone number will result in robocalls from Defendant. As depicted below, Defendant's lengthy Opt-in Policy was designed to hide that fact from consumers by burying disclosures related to prerecorded messages at the end of the disclosure:

> MyComputerCareer will NEVER SHARE, SELL, OR TRANSFER YOUR PERSONAL INFORMATION AS DEFINED ABOVE WITH ANY THIRD PARTY EXCEPT AS INDICATED BELOW. Postal mail, email, and/or telephone lists of Company site visitors, leads, prospects, and customers/students are never offered for sale or rent to third party marketers. The information that you submit to us remains your property. By registering with us, you grant us the right to use such information for marketing purposes and to enhance your experience with the Company in our efforts to meet your relevant needs. The Company may use such information to (i) directly communicate certain offers to you via e-mail, telephone, direct mail, mobile telephone text messaging (including, without limitation, SMS and/or MMS) and other methods; (ii) to monitor compliance with our Terms and Conditions; and (iii) for content improvement and feedback purposes. We will also use your Personal Information for customer service; to provide you with information that you may request, to provide you with information regarding new services or promotions available at our Website, to customize your experience on the Website and/or to contact you when necessary in connection with transactions entered into by you on the Website and/or with the company directly. We may also use your Personal Information for internal business purposes, such as analyzing and managing our business. We may also combine the information we have gathered about you with information from other sources. We may use third parties to help us operate our business and the Website or to administer activities on our behalf. We also reserve the right to release current or past user information in the event that: (i) we believe that the user is using, or has used, our products, services and/or Website: (a) in violation of the Terms and Conditions of this Privacy Policy or any other of our operating rules, official contest rules, policies, price schedules and other supplemental terms and conditions or documents that may be published by us from time to time; and/or (b) to commit unlawful acts; (ii) if such information is subpoenaed; (iii) if the company is sold or

acquired; (iv) or when we deem it necessary or appropriate including, without limitation, sharing your e-mail address with third parties for suppression purposes in compliance with the CAN-SPAM Act of 2003, as amended from time to time, and Federal Trade Commission implementing regulations. Without limiting the generality of the foregoing, we reserve the right to share and/or otherwise distribute any and all personal information with/to any third party for any and all uses permitted by this Privacy Policy and applicable law. In addition, by registering at the Website, you agree that such act constitutes an inquiry and/or application for purposes of the Amended Telemarketing Sales Rule (16 CFR § 310 et seq.), as amended from time to time (the "ATSR") and applicable state do-not-call regulations. Notwithstanding that your telephone number may be listed on the Federal Trade Commission's Do-Not-Call List, and/or on applicable state do-not-call lists, we retain the right to contact you via telemarketing in accordance with the ATSR and the applicable state do-not-call regulations. NOTE: All inbound and outbound telephone communications with MyComputerCareer that occur between an individual (site user, customer, student, etc.) and a live company representative through the company's regularly constituted telephony systems may be recorded for quality and training purposes. In proceeding to "submit" you agree that your telephone conversations as described may be recorded. You may unsubscribe (opt-out) from any of our e-mail marketing programs or lists at any time, however, unsubscribing from one list does not necessarily exclude you from all communications from the company. By registering for our site, you are indicating that you have read and agree to this Privacy Policy and of its all terms and conditions, and you further acknowledge and agree that you understand how and under what circumstances the personal information you provide will be used. You also agree to receive marketing promotions and other solicitations from this Website and the Company based on the information you provide on this Website, and expressly agree to be contacted by this Website or the Company through direct mail, phone, pre-recorded message, SMS text and/or email per the conditions stated above.

Ex. A at 2.

As discussed in detail below, hiding TCPA disclosures in a lengthy hyperlink as Defendant has done is prohibited under the TCPA, which requires that the caller obtain "prior express written consent" – meaning consumers have to voluntarily agree to receive robocalls – before engaging in telemarketing. Simply stated, Plaintiff never

5

provided Defendant with prior express written consent and Defendant has no basis for its Counterclaim.

### III. LEGAL STANDARD

To survive a motion to dismiss, a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Patent Licensing & Inv. Co., LLC v. Green Jets Inc.*, No. 11-80689-CIV, 2011 U.S. Dist. LEXIS 130461, 2011 WL 5513262, at *2 (S.D. Fla. Nov. 10, 2011) ("The pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to counterclaims.").

Moreover, this Court, either on its own or on motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). A defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)

## IV.   ARGUMENT

### A. Defendant's Counterclaim Should be Dismissed

#### 1. *Defendant Fails to Allege Damages*

In its Counterclaim, Defendant seeks an award of "the damages it has suffered, and continues to suffer, as a result of Plaintiff's breach of the Parties' contract, including [Defendant's] costs of suit and attorneys' fees." *See* Countercl. at 23.

It is settled that "Florida conforms to the 'American Rule' under which attorneys' fees are awarded only when permitted by statute or contract." *Johnson Enters. of Jacksonville v. Fpl Grp.*, 162 F.3d 1290, 1329 (11th Cir. 1998) (citing *Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir. 1985)). It is also settled that "Defendant is not entitled to an award of attorneys' fees on the TCPA claims." *Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108-RUIZ/STRAUSS, 2020 U.S. Dist. LEXIS 211670, n.2 (S.D. Fla. Nov. 10, 2020).

Accordingly, courts have denied leave, stricken, or dismissed similar attempts by defendants to circumvent the American Rule through a counterclaim seeking fees incurred in defending a lawsuit because such fees are not recoverable and are not damages. *See, e.g.*, *Drenberg v. Focus!...On Sur., LLC*, No. 6:13-cv-1351-Orl-37KRS, 2013 U.S. Dist. LEXIS 178834, at *12 (M.D. Fla. Dec. 20, 2013) ("In their Counterclaim, Defendants request that they be awarded their attorney's fees….Drenberg argues that under the 'American Rule' concerning attorney's fees, Defendants' attorney's fee demand should be stricken….Defendants did not respond to Drenberg's argument, which the Court finds to be well-taken. Accordingly,

Defendants' demand for attorney fees is due to be stricken."); *Betz v. Glob. Telesourcing, LLC*, Civil Action No. 21-cv-1320 (BAH), 2021 U.S. Dist. LEXIS 237132, *18 (D.D.C. Dec. 10, 2021)("The only action that defendant asserts it took in reliance on plaintiff's allegedly fraudulent statements was to expend money on litigation….This Court, and other courts in the D.C. Circuit, has held, however, that the cost of legal services alone is not sufficient to state a valid claim for detrimental reliance.") (citing *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 18 (D.D.C. 2014); *Busby v. Cap. One, N.A.*, 772 F. Supp. 2d 268, 276 (D.D.C. 2011) ("[I]t is far from clear that the cost of legal services can constitute detrimental reliance for purposes for fraud, given the American Rule against fee shifting."); *Sloan v. Urb. Title Servs., Inc.*, 689 F. Supp. 2d 94, 121 (D.D.C. 2010) (holding party asserting fraud "must provide legal authority in support of his apparent claim that he is entitled to attorneys' fees and costs and that this alone is sufficient proof of damages to sustain his claim for fraud and misrepresentation.")); *Noise Reduction, Inc. v. Nordam Corp.*, No. 90 C 6497, 1991 U.S. Dist. LEXIS 17830, a *23 (N.D. Ill. Dec. 6, 1991) ("Implicit in the cases adopting the majority rule to limit the recovery of litigation expenses is the recognition that there would be no reasoned way to contain the exception to the American Rule if it can be invoked simply by casting the defense of a breach of release in the form of a counterclaim. Thus, attorney fees should only be awarded when there is a contractual or statutory provision authorizing the award."); *Totalogistix, Inc. v. Marjack Co.*, Civil Action No. 06-5117 (JAG), 2009 U.S. Dist. LEXIS 26958, at *19 (D.N.J. Mar. 30, 2009) ("No exception to the American Rule exists in this case. The Agreement does

not contain a provision providing for attorney's fees. There is no indication that any statute would allow for the imposition of such fees. Defendant has not been forced to defend itself against third parties, nor has Defendant been forced to defend against a malicious prosecution. Finally, as discussed, *supra,* Defendant is also not entitled to punitive damages. As such, no space for attorney's fees exists in this case. Plaintiff is entitled to summary judgment on Defendant's prayer for attorney's fees in its Counterclaim."); *Star City Collision Ctr., LLC v. State Auto Prop. & Cas. Ins. Co.*, No. 5:17-cv-00288 KGB, 2017 U.S. Dist. LEXIS 141422, at *2 (E.D. Ark. Sep. 1, 2017)("State Auto's counterclaim fails because State Auto does not have a valid claim for damages resulting from the alleged breach of contract. State Auto brings its counterclaim solely to recover the attorney's fees and costs it will incur in pursuing its counterclaim. That is not a valid claim for damages under Arkansas law.").

Defendant cannot circumvent the American Rule by seeking to recover its litigation fees through a counterclaim. The TCPA does not entitle Defendant to fees and it cannot point to any contract entitling it to such recovery. Accordingly, Defendant's Counterclaim fails to state a cause of action because Defendant has not plead damages and this Court should dismiss the Counterclaim with prejudice.

### 2. *Defendant Fails to Allege Breach of any Contract*

Defendant's creative theory is that "[b]y filing this action against MCC for the purported violation of the TCPA," Plaintiff breached his agreement with Defendant pursuant to which Plaintiff purportedly consented to Defendant's robocalls.

9

Countercl. at ¶¶28, 30. In other words, Defendant is attempting to assert an affirmative defense for which it bears the burden[2] through its Counterclaim, but has failed to do so.

Under the TCPA and its implementing regulations, "prior express written consent" is defined as follows:

> (8) The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
>
> (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Snyder v. Icard Gift Card, LLC*, No. 0:15-CV-61718-WPD, 2016 U.S. Dist. LEXIS 191212, at *11-*12 (S.D. Fla. May 16, 2016) (quoting 47 C.F.R. §64.1200(f)(8)). "Thus, under binding FCC regulations, 'prior express written consent' can be obtained

---

[2] "'Express consent 'is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.'" *Mashiri v. Ocwen Loan Servicing, LLC,* 3:12-CV-02838-L-MDD, 2013 U.S. Dist. LEXIS 154534, 2013 WL 5797584 (S.D. Cal. Oct. 28, 2013) (quoting *Robbins v. Coca–Cola Company,* No. 13–cv–132, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013)).

10

only after providing the recipient with the required disclosures that they agree to receive automated telephone advertisements and that agreeing to receive such calls is not required to make a purchase." *Snyder*, 2016 U.S. Dist. LEXIS 191212, at \*13 (quoting *In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015 (July 10, 2015)).  "Simply obtaining some form of written express consent is insufficient to obtain the consent required by law to send automated text message advertisements."  *Snyder*, 2016 U.S. Dist. LEXIS, at \*13. And a telemarketer like Defendant cannot require consumers to provide their consent – as Defendant does – as part of obtaining a service. *See Oliver v. TTC-Ameridial, LLC*, No. 16 C 5177, 2018 U.S. Dist. LEXIS 39748, at \*10 (N.D. Ill. Mar. 12, 2018) (citing 30 F.C.C. Rcd. 9858, at \*3)

Here, Defendant's own allegations show that Defendant never secured express written consent from Plaintiff. Specifically, the consent form pursuant to which Plaintiff provided his number (1) required Plaintiff to provide consent and offered no alternative mechanism; and (2) did not contain clearly and conspicuous advise Plaintiff that provision of his number would result in marketing prerecorded voice calls from Defendant. Consequently, Defendant failed to secure the requisite consent from Plaintiff and has no basis to claim that Plaintiff breached any purported agreement. This Court should therefore dismiss Defendant's Counterclaim with prejudice.

### B. At a Minimum, Defendant's Prayer for Attorney's Fees Should be Stricken

As discussed at length, Defendant has no basis in statute or contract to seek attorney's fees from Plaintiff. Therefore, if this Court is not inclined to dismiss

Defendant's Counterclaim outright, it should nevertheless strike Defendant's claim for attorney's fees. "[U]nder Florida law, a court may grant a motion to strike a demand for attorney's fees, where the plaintiff fails to plead a contractual or statutory basis or none exists." *Resmondo v. New Hampshire Ins*. Co., 2013 WL 6894857, at *1 (M.D. Fla. Dec. 31, 2013); *Monsoon, Inc. v. Bizjet Int'l Sales & Support, Inc*., 2017 WL 747555, at *11 (S.D. Fla. Feb. 27, 2017) (granting defendant's motion to strike plaintiff's request for attorneys' fees because plaintiff has failed to allege any statutory or contractual basis that would support such an award). Furthermore, under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A claim may be stricken if the claim is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc*., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth*., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A claim is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *See id*. Defendant's request for damages is frivolous and invalid as Defendant cannot seek damages through any statute or contract.

The Opt-in Policy under which Defendant attempts to state a cause of action does not provide for the award of attorneys' fees, and Defendant cannot point to any contract that entitles it to fees. Furthermore, the TCPA does not provide for an attorneys' fee award in a private action. *See* 47 U.S.C. § 227(b)(3); *see also Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 U.S. Dist. LEXIS 177222, at *8

(S.D. Fla. 2014)("The TCPA … does not provide for an award of attorneys' fees."); *Holtzman v. Turza,* 828 F.3d 606, 609. (7th Cir. 2016) ("The [TCPA] authorizes a maximum award of $500 per fax, out of which counsel must be paid.").

Accordingly, Defendant's prayer for attorneys' fees should be stricken.

C. **Defendant and its Counsel Should be Sanctioned**

Prior to the filing of the instant Motion, the undersigned conferred with Defendant's counsel and provided the above case to law outlining why Defendant cannot circumvent the American Rule through a counterclaim. *See* e-mails, attached as **Exhibit B**, at 4-5. The parties also held a teleconference to discuss the issue and, subsequently, Defendant's counsel attempted to support their actions by relying on two cases involving counterclaims for fraud (and alleging fraud under Rule 9(b)), and both of which involve claims for "costs" not "fees" as sought by Defendant here. *See id.* at 1-2 (discussing *Franklin v. Upland Software, Inc.*, No. 1-18-CV-00236-LY, 2019 WL 433650, at *4 (W.D. Tex. Feb. 1, 2019); *Cunningham v. USA Auto Prot., LLC*, No. 4:20-CV-142-RWS-KPJ, 2021 WL 434243, at *2 (E.D. Tex. Jan. 8, 2021)). Undeterred, Defendant's counsel doubled down by contending that there is no "controlling" law on the issue and threatening to pursue sanctions against Plaintiff and his counsel. *See* Ex. B at 1, 3.

As established above, Defendant has no basis to circumvent the American Rule, and cannot state a claim for breach of contract. Accordingly, Defendant's and its counsel's refusal to withdraw their Counterclaim and request for fees is unreasonable and has unnecessarily multiplied these proceedings. The only reason Defendant filed

13

its Counterclaim was to harass and intimidate Plaintiff into dismissing his claims, which he will not do. Under these circumstances, Plaintiff respectfully requests for this Court to sanction Defendant and its counsel pursuant to 28 U.S.C § 1927 and the Court's inherent authority. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) ("[A] district court's authority to issue sanctions for attorney misconduct under [section] 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers[.]"); *Roman v. Se. Freight Lines, Inc.*, No. 6:13-cv-577-Orl-31GJK, 2013 U.S. Dist. LEXIS 173606, at *3 (M.D. Fla. Dec. 5, 2013) (citing *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, 412 F. App'x 230, 232 (11th Cir. 2011)); *see also Tormenia v. LVNV Funding, Inc.*, No. 8:18-cv-2347-T-23TGW, 2019 U.S. Dist. LEXIS 126622, at *9 (M.D. Fla. July 30, 2019) ("district court holds inherent authority to sanction a lawyer and can invoke the inherent authority even if a procedural rule authorizes sanction for the same conduct") (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002)).

Defendant and its counsel filed and refuse to withdraw a Counterclaim that has no basis in law, either with respect to the breach of contract claim or demand for fees. Even after being presented with case law on the issue, they insist that their conduct is permitted because there is no "controlling law" on the issue. But the American Rule and cases cited above are controlling, and the Counterclaim continues to be asserted in bad faith and for the improper motive of harassing Plaintiff.

## V.  CONCLUSION

Plaintiff respectfully requests for the Court to address Defendant's gamesmanship and grant the instant Motion.

**WHEREFORE**, Plaintiff Royal Rose respectfully requests an Order dismissing Counterclaim or striking Defendant's claim for attorney's fees, sanctioning Defendant and its counsel, and for such other relief deemed appropriate under the circumstances.

### CERTIFICATE OF CONFERRAL

As outlined above and shown by the attached e-mail communications, the undersigned attempted to resolve the issues raised in this Motion but Defendant and its counsel have refused to withdraw their Counterclaim and claim for fees.

Date: April 3, 2022

          Respectfully submitted,

          **HIRALDO P.A.**

          */s/ Manuel S. Hiraldo*
          Manuel S. Hiraldo
          Florida Bar No. 030380
          401 E. Las Olas Boulevard Suite 1400
          Ft. Lauderdale, Florida 33301
          Email: mhiraldo@hiraldolaw.com
          Telephone: 954.400.4713
          *Counsel for Plaintiff*