UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:22-cv-00248-BJD-JBT

ROYAL ROSE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

MYCOMPUTERCAREER, INC.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM OR STRIKE PRAYER FOR ATTORNEY'S FEES AND MOTION FOR SANCTIONS

Plaintiff/Counterclaim-Defendant Royal Rose ("Plaintiff"), through his undersigned counsel, and pursuant to Local Rule 3.01(d), moves for leave to file a 7-page reply to Defendant/Counterclaim-Plaintiff's ("Defendant") Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim, or Strike Prayer for Attorney's Fees, and Motion for Sanctions ("Opposition" or "Opp.") (ECF No. 11) and states:

Plaintiff seeks leave to reply to various mischaracterization of law present throughout Defendant's Opposition. Defendant, unable to find support for its novel defense strategy of suing for fees in TCPA action, resorts to misconstruing the cases it cites. For example, Defendant cites *Gregoire v. Lucent Tech., Inc.*, stating: "As Judge

1

Presnell ruled, the American Rule in no way bars a claimant from seeking its attorneys' fees that are incurred defending a 'claim filed in breach of an agreement which the defendant asserted that it entered specifically to avoid the cost of litigation.'"). Opp. at 14 (quoting 6:03-CV-251ORL31KRS, 2005 WL 1863429 (M.D. Fla. Aug. 5, 2005)). Glaringly absent from Defendant's discussion of this case is the fact that it involved a "**breach of a covenant not to sue**" and that the cases cited by Judge Presnell similarly involved breaches of covenants not to sue. *See Gregoire*, 2005 U.S. Dist. LEXIS 39988, at *45 (emphasis supplied).

Defendant also relies on *Franklin v. Upland Software, Inc.*, No. 1-18-CV-00236-LY, 2019 LEXIS 16938 (W.D. Tex. Feb. 1, 2019) and *Cunningham v. USA Auto Prot., LLC*, No. 4:20-CV-142-RWS-KPJ, 2021 LEXIS 3446 (E.D. Tex. Jan. 8, 2021). Opp. at 2, 15. However, both cases were filed by *pro se* plaintiffs and involve allegations of fraud. In *Franklin*, the defendant counterclaimed for common law fraud and fraud by nondisclosure, while the *Cunningham* case dealt with common law fraud. *See Franklin* at *11-13; *Cunningham* at *9-10. The counterclaim at issue here is a breach of contract which contains no provision for fees or costs, or a covenant not to sue.

Defendant also cites *Anthony v. Federal Savings Bank*, No. 1:21-cv-02509 (N.D. Ill. March 30, 2022). Opp. at 16. But again, *Anthony* dealt with a counterclaim for common law fraud. *See id*. at *8-10. Further, Defendant relies on *Miller v. 3G Collect, LLC*, 302 F.R.D. 333, 338-39 (E.D. Pa. Sep. 16, 2014). Opp. at 15. But *Miller* involved debt collection calls. After the Plaintiff sued for the calls, the Defendant counterclaimed for the debt it believed it was owed. *See id.*

The above are just a few examples. Plaintiff respectfully requests the opportunity to respond to all of Defendant's mischaracterizations of law through a 7-page reply.

**WHEREFORE**, Plaintiff Royal Rose requests an Order granting Plaintiff leave to file a 7-page reply, and for such other relief deemed appropriate under the circumstances.

Date: April 27, 2022.

## Local Rule 3.01(g) Certification

Counsel certifies that it has conferred with the opposing party and the instant motion is opposed.

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*