UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYAL ROSE, etc.,

       Plaintiff,

v.

MYCOMPUTERCAREER, INC.,

       Defendant,
_____

MYCOMPUTERCAREER, INC.,

       Counter Claimant,

v.

ROYAL ROSE, etc.,

       Counter Defendant.
_____/

CASE NO.:  3:22-cv-248-BJD-JBT

## **ORDER**

**THIS CAUSE** is before the Court *sua sponte* and on Plaintiff's Motion to Dismiss Defendant's Counterclaim, or Strike Prayer for Attorney's Fees, and Motion for Sanctions ("Motion") (Doc. 11).

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter

jurisdiction.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

In order for this Court to have subject matter jurisdiction, Plaintiff must have Article III standing.  *See, e.g.*, *TransUnion LLC v.* Ramirez, 141 S. Ct. 2190, 2200– 08 (2021).  "[U]nder *TransUnion* plaintiffs have the burden of establishing Article III standing for statutory violations by alleging facts that would allow [a court] to find a common-law analogue to the injury in question."  *Drazen v. Pinto*, 41 F.4th 1354, 1362 n.14 (11th Cir. 2022).

In this case, it does not appear that Plaintiff has alleged sufficient facts to establish standing.  (*See* Doc. 5.)  The Complaint alleges few facts other than that Plaintiff received two calls on his cell phone that used prerecorded voice messages.  (*Id.* at 4–6, 8.)  There is little background alleged, such as how Defendant got Plaintiff's cell phone number in the first place.  The allegations are brief, conclusory, and appear to fall far short of alleging a "concrete" harm, calling into question "whether plaintiff[] ha[s] identified a close historical or common-law analogue for [his] asserted injury."  *TransUnion*, 141 S. Ct. at 2204.

The Court is aware that in *Cordoba v. DIRECTV, LLC*, the Eleventh Circuit held that:  "The receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets

the minimum requirements of Article III standing."[1]  942 F.3d 1259, 1270 (11th Cir. 2019); *see also Glasser v. Hilton Grand Vacations Co.,* 948 F.3d 1301, 1304 (11th Cir. 2020) (applying *Cordoba* in a case involving "over a dozen unsolicited phone calls" allegedly placed through an automatic telephone dialing system).  Despite these precedents, there is still a standing issue in this case.  First, as the Eleventh Circuit recently noted, *Cordoba* and *Glasser*  were decided before *TransUnion. See Drazen*, 41 F.4th at 1362 n.14.  *Glasser*  in particular has already been called into question.  (*Id.*)

Second, it is not clear in this case that the subject calls were either "unwanted" or "telemarketing" calls.  The conclusory allegations of the Complaint are insufficient for the Court to make this determination.  Moreover, Defendant contends that the calls were actually solicited by Plaintiff and also should not be considered telemarketing calls.  (*See* Docs. 7, 15.)  Thus, Plaintiff may not be able to allege or prove any "common-law analogue" to establish standing, such as the tort of intrusion upon seclusion.  *See Salcedo v. Hanna*, 936 F.3d 1162, 1171 (11th Cir. 2019) (noting that such a tort requires that the intrusion be "substantial" and "strongly object[ionable]," and that "one, two, or three phone calls" is not enough).

Given the significant standing question presented, the Court will order briefing on this issue.  The Court will also defer ruling on the Motion until the standing issue has been determined.

---

[1]TCPA refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3

Accordingly, it is **ORDERED**:

1.    **On or before November 23, 2022**, Plaintiff must file a memorandum of law, limited to 15 pages, regarding his standing to pursue this case.

2.    Defendant must file a response to Plaintiff's memorandum, also limited to 15 pages, **within 21 days** from the filing of said memorandum.

3.    Ruling on the Motion is **DEFERRED**. The Clerk is ordered to terminate the Motion.

        **DONE AND ORDERED** in Jacksonville, Florida, on November 2, 2022.

        _Joel B. Toomey_

        JOEL B. TOOMEY
        United States Magistrate Judge

Copies to:
Counsel of Record