UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYAL ROSE, etc.,

    Plaintiff,

v.                                                  CASE NO.:  3:22-cv-248-BJD-JBT

MYCOMPUTERCAREER, INC.,

    Defendant,
_____

MYCOMPUTERCAREER, INC.,

    Counter Claimant,

v.

ROYAL ROSE, etc.,

    Counter Defendant.
_____/

## **NOTICE**

    Upon review of Plaintiff's Memorandum of Law Regarding Article III Standing (Doc. 29), Defendant's Response thereto (Doc. 38), and the undersigned's additional research, the undersigned's *sua sponte* inquiry into standing is satisfied. (*See* Doc. 26.)  The standing issue in this case appears to be controlled by *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020), which Defendant did not address.  In *Glasser*, the Eleventh Circuit stated:  "The receipt of more than one unwanted telemarketing call . . . is a concrete injury that meets the minimum

requirements of Article III standing." *Id*. at 1306 (involving in part the use of a prerecorded voice for non-telemarketing calls) (quoting *Cordoba v. DIRECTV, LLC,* 942 F.3d 1259, 1270 (11th Cir. 2019)).

Although a panel of the Eleventh Circuit recently criticized *Glasser*, called it "suspect," and said it may need to be reexamined in the future (*see Drazen v. Pinto*, 41 F.4th 1354, 1362 n. 14 (11th Cir. 2022)), it is still binding precedent.[1] Under the Eleventh Circuit's "prior panel precedent rule," which neither party addressed, an Eleventh Circuit panel is bound by "all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *United States v. Bazantes*, 978 F.3d 1227, 1243–44 (11th Cir. 2020) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n. 8 (11th Cir. 2001)). *Glasser*, which is a published decision and therefore binding precedent, has not been overruled or undermined to the point of abrogation by the Supreme Court or the Eleventh Circuit sitting en banc. Thus, it and its interpretation of *Cordoba* appear to control the standing issue in this case.[2]

---

[1] The Eleventh Circuit continues to cite the aforementioned *Cordoba* quote. *See Grigorian v. FCA US LLC*, 838 F. App'x. 390, 393 (11th Cir. 2020); *Evans v. Ocwen Loan Serv. LLC*, No. 21-14045, 2022 WL 17259718 at *1 (11th Cir. Nov. 29, 2022).

[2] The only caveat is that both *Glasser* (involving over a dozen calls) and *Cordoba* (eighteen calls) concerned many more calls than the two at issue in this case. Thus, it is conceivable that a panel of the Eleventh Circuit could distinguish those cases from this case. However, in light of the Eleventh Circuit's clear statement in both cases that "more than one" unwanted telemarketing call suffices, the undersigned believes he is bound by those cases. *Glasser*, 948 F. 3d at 1306; *see also Cordoba,* 942 F.3d at 1269. A recent unpublished Eleventh Circuit panel decision, referring to *Glasser* and *Cordoba,* stated: "These decisions make it clear that more than one call is a concrete injury that confers standing . . . ." *Evans*, 2022 WL 17259718 at *1.

Finally, the undersigned agrees with the reasoning of *Weister v. Vantage Point AI, LLC*, No. 8:21-cv-1250-SDM-AEP, 2022 WL 3139373 at *4 (M.D. Fla. Aug. 3, 2022), that any issue of consent in this case, including whether the calls were solicited, is an affirmative defense and not part of the standing analysis. Thus, under current binding precedent, the undersigned concludes that Plaintiff has standing to bring this case.

**DONE AND ENTERED** in Jacksonville, Florida, on January 3, 2023.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Counsel of Record